## FRANK MARONI vs. ANTONIO JUNTY.

PROVIDENCE—MARCH 23, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Mechanics' Liens.*

In a proceeding to enforce a mechanics' lien, petitioner filed a notice January 30, 1902, in due form, for materials delivered within sixty days prior thereto, attaching thereto an account without a heading or anything to show from whom it was due.

July 29, 1902, a second notice was filed for materials delivered within sixty days last past:—

*Held,* that the first notice could not serve as the commencement of legal proceedings, as the account annexed was defective for such purpose and no petition was filed within twenty days thereof.

*Held,* further, that the second notice was also inoperative, as no account was attached to it and it did not purport to relate to the same delivery of materials as the former notice.

PETITION FOR MECHANICS' LIEN.    Petition dismissed.

PER CURIAM.    This petition for a lien must be dismissed, as the requirements of the statute have not been followed.

(1)    The first notice was in due form, and had attached to it an account which was without a heading or anything to show from whom it was due.    For this reason it could not serve as the commencement of legal proceedings, and that it was not so intended appears from the fact that no petition was filed within twenty days thereafter.

The second notice does not conform to the statute as a commencement of legal proceedings, for two reasons: (1) It has no account attached to it, and (2) it does not purport to relate to the same delivery of material as the former notice.    The first notice was recorded January 30, 1902, and was for materials delivered within sixty days prior thereto.    The second notice, dated July 29, 1902, is for materials delivered "within sixty days last past;" that is, more than four months after the preceding notice.

The petitioner, therefore, has failed to take the necessary steps for a lien, and the petition must be dismissed.

*John C. Quinn,* for petitioner.

*James M. Gillrain,* for respondent.